UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIONEL GOSHAY,

      Petitioner,

v.                         CASE NO. 11-10423
                             HONORABLE VICTORIA A. ROBERTS
SHIRLEE HARRY,

      Respondent.

_____/

## ORDER OF DISMISSAL

### I. Introduction

Petitioner Lionel Goshay filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition and exhibits allege that, on March 2, 2009, Petitioner pleaded guilty to larceny from a person, Mich. Comp. Laws § 750.357.  In return, the prosecutor dismissed the initial charge of armed robbery and a notice charging Petitioner with being a habitual offender, fourth offense.  The plea agreement also called for a sentence of four to ten years.  On March 16, 2009, Petitioner was sentenced, as promised, to imprisonment for four to ten years.

Petitioner appealed his sentence, but the State's appellate courts denied his applications for leave to appeal.  The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented, *see People v. Goshay*, No. 296342 (Mich. Ct. App. Mar. 4, 2010), and on July 26, 2010, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the question presented to it.  *See People v. Goshay*, 487 Mich. 856; 784 N.W.2d 806 (2010).

Petitioner filed his habeas corpus petition on February 3, 2011.  His sole ground for relief reads:

> The trial court reversibly erred by sentencing Mr. Goshay to a prison term that exceeded the statutory guidelines as calculated.

Petitioner contends that he should have been sentenced to a minimum sentence within the sentencing guidelines range of ten to twenty-three months.  He maintains that the trial court offered no substantial or compelling reasons for sentencing him to a term that exceeded the statutory guidelines.

## II.  Discussion

Habeas petitioners ordinarily are entitled to the writ of habeas corpus only if the state court's adjudication of their claims on the merits

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

There is no reasoned state court decision adjudicating the substantive merits of Petitioner's claim.  Therefore, the deference ordinarily due under § 2254(d) does not apply, and habeas review is *de novo.  Dorn v. Lafler*, 601 F.3d 439, 442 (6th Cir. 2010) (citing *Maples v. Stegall*, 340 F.3d 433, 436-37 (6th Cir. 2003)).

This Court finds no merit in Petitioner's claim because it alleges a mere violation of state law, and "federal habeas corpus relief does not lie for errors of state law."  *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).  In fact, a "claim involving

2

the trial court's allegedly improper interpretation of the state's sentencing guidelines is not a cognizable claim for federal habeas review." *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001) (citing *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam )).

Furthermore, Petitioner admits that the trial court honored the parties' plea and sentencing agreement when it sentenced Petitioner to four to ten years in prison. Petitioner has no basis for complaining that he received the sentence for which he bargained.

To conclude, Petitioner failed to show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). Accordingly, the habeas petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

S/Victoria A. Roberts
Victoria A. Roberts
Dated:  March 4, 2011                United States District Judge

3

The undersigned certifies that a copy of this document was served on the attorneys of record and Lionel Goshay by electronic means or U.S. Mail on March 4, 2011.

s/Carol A. Pinegar
Deputy Clerk